IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Larry L. Greer,                              :
                    Petitioner               :
                                             :    No.  553 M.D. 2012
              v.                             :
                                             :    Submitted:  January 20, 2016
Commonwealth of Pennsylvania,                :
Clerk of Court of York County,              :
Pennsylvania,                                :
                    Respondent               :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  April 12, 2017


              Presently before this Court is the motion of Larry L. Greer (Petitioner)
for summary judgment in relation to a motion he filed seeking return of funds
garnished from his inmate account by the Pennsylvania Department of Corrections
(DOC) and forwarded to the Clerk of Court of York County, Pennsylvania (Clerk of
Court).


                        **Facts and Procedural History**

              The facts of this case are garnered from the pleadings in this matter as
well as an unpublished 2008 decision from this Court in a related matter brought by

Petitioner against the DOC challenging its authority to garnish his inmate account.[1]

Petitioner is presently serving a term of incarceration of 31 to 62 years at the State Correctional Institution at Forest following his convictions for kidnapping, rape, involuntary deviate sexual intercourse, burglary, and terroristic threats surrounding his abduction and rape of a York College student in 1989. According to York County criminal docket number CP-67-CR-3161-1989, each of Petitioner's sentences included confinement and financial assessments.

On December 30, 2004, DOC began garnishing 20% of Petitioner's inmate account under the authority of section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. §9728(b)(5).[2] On May 10, 2005, Petitioner submitted an inmate request to a

---

[1] *See Greer v. Department of Corrections* (Pa. Cmwlth., No. 43 M.D. 2008, filed July 25, 2008).

[2] In June of 1998, the General Assembly passed the Act of June 18, 1998, P.L. 640 (Act 84), which substantially modified section 9728 of the Sentencing Code, 42 Pa. C.S. §9728. In particular, Act 84 included a new section 9728(b)(5), which provided as follows:

> The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation or costs imposed under section 9721(c.1). Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa.C.S. §9728(b)(5). Section 9721(c.1) of the Sentencing Code, 42 Pa.C.S. §9721(c.1), provides that payment of costs is mandatory and shall be imposed upon a defendant even in the absence of a court order specifically directing such payment.

staff member to determine why the DOC was deducting funds from his account and to whom the garnished funds were sent. In response, a staff member informed Petitioner that DOC had received a court order from York County stating that Petitioner owed $8,989.75 in court costs as a result of his convictions. On May 24, 2005, Petitioner filed an inmate grievance regarding the deductions. A grievance officer denied the grievance on the grounds that Petitioner's funds were properly garnished.

On January 28, 2008, after exhausting his remedies within the prison's grievance system without relief, Petitioner filed a petition for review in this Court. Petitioner alleged that DOC violated his due process rights pursuant to the Fourteenth Amendment of the United States Constitution and Article I of the Pennsylvania Constitution because DOC was not authorized to garnish his inmate account. DOC filed a preliminary objection in the nature of a demurrer alleging that Petitioner failed to state a claim upon which relief can be granted. More specifically, DOC noted that Jaime Wilson, a corrections records specialist, had provided an affidavit together with true and correct copies of multiple court commitment orders which reflect the amount of court-ordered monetary obligations in the nature of fines, costs, and restitution.[3] DOC also noted its statutory authority to make deductions from inmate accounts as set forth in section 9728(b)(5) of the Sentencing Code as well as its enactment of DC-ADM 005, entitled "Collection of Inmate Debts," as directed by this section.

---

[3] These orders reflected costs owed by Petitioner in the amount of $1,797.95. This Court noted that such amount differed from the $8,989.75 in costs that a staff member advised was due and owing under a York County court order. However, we noted that this disparity was probably attributable to a failure by DOC to consider the total amount owed under all of Petitioner's court commitment orders and, ultimately, was not relevant to the disposition of DOC's preliminary objection.

Ultimately, we sustained DOC's preliminary objection and dismissed Petitioner's petition with prejudice.

On January 3, 2012, Petitioner filed a motion in the York County Court of Common Pleas (Common Pleas Court) for the return of funds. Petitioner alleged that his sentencing order did not include any express language assessing fines, costs, or restitution; that neither the Clerk of Court nor DOC was authorized to *sua sponte* initiate, collect, and remit deductions from his inmate account in the absence of an express sentencing order; and that section 9728(b)(5) only authorizes such deductions where they are expressly court-ordered or non-waivable. By opinion and order dated January 25, 2012, the Common Pleas Court denied Petitioner's motion. The Common Pleas Court noted that financial assessments were made against Petitioner in 1989 and he did not appeal these assessments. The Common Pleas Court also noted that both it and this Court had previously upheld DOC's authority to make deductions from Petitioner's inmate account.

Petitioner thereafter appealed to the Superior Court. By opinion and order dated August 28, 2012, the Superior Court transferred the matter to this Court, noting that Petitioner's motion for return of funds should have been brought under our original jurisdiction.[4] Based on the Superior Court's opinion and order, and in the interest of judicial economy, we docketed the matter not as an appeal but as an original jurisdiction matter.[5] Subsequently, by order dated September 21, 2012, we directed the Clerk of Court to file an answer to Petitioner's motion. The Clerk of

---

[4] Nevertheless, the Superior Court did not vacate the Common Pleas Court's January 25, 2012 order for lack of jurisdiction.

[5] By order dated September 6, 2012, we granted Petitioner in forma pauperis status and further directed him to serve copies of his motion on the Clerk of Court and the Office of Attorney General. Petitioner subsequently complied with this order.

Court, however, did not file an answer. In June of 2014, Petitioner filed a motion seeking entry of a default judgment against the Clerk of Court, which responded with a request to file an answer *nunc pro tunc*. The Clerk of Court alleged that it was not aware that it had become a party to this action as the respondent in this matter had always been the Commonwealth of Pennsylvania. By order dated July 10, 2014, we granted the request of the Clerk of Court to file an answer *nunc pro tunc*.

In its answer to Petitioner's motion, the Clerk of Court conceded that while the judgment of sentence issued at criminal docket number CP-67-CR-3161-1989 did not expressly order the payment of costs or restitution, it had received payments totaling $738.50 which were attributed to that docket number. The Clerk of Court stated that $15.00 of this total represented statutorily-imposed costs payable to the Crime Victims Compensation and Victim Witness Services funds. Accordingly, the Clerk of Court indicated that only $723.50 of this total represent costs for which an express order providing for payment was required. However, the Clerk of Court noted that Petitioner owed $651.16 in costs imposed for multiple convictions of Petitioner from 1978 to 1980. Hence, if Petitioner were entitled to a refund, the Clerk of Court asserted that it would be limited to $72.34, the difference between the $723.50 collected under the 1989 criminal docket and the $651.16 owed under the earlier criminal dockets.

On September 2, 2016, Petitioner filed the motion for summary judgment presently at issue before this Court. In this motion, Petitioner alleged that it is undisputed that the Clerk of Court received payments totaling $723.50 relating to a sentencing order for criminal docket number CP-67-CR-3161-1989 that did not expressly order the payment of costs or restitution. Petitioner sought an order directing the Clerk of Court to refund this amount to his inmate account.

5

## Discussion

Summary judgment is properly granted where there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035.2; *Commonwealth v. Peoples Benefit Services*, 923 A.2d 1230, 1234 (Pa. Cmwlth. 2007). Summary judgment may be entered only in those cases in which the right to relief is clear and free from doubt. *Peoples Benefit Services*, 923 A.2d at 1234 (citation omitted).

In his brief to this Court, Petitioner reiterates that it is undisputed that criminal docket number CP-67-CR-3161-1989 did not expressly order the payment of costs and restitution, that only $15.00 of the $738.50 collected by DOC represented statutorily-imposed, non-waivable costs, and that collection of the remaining $723.50 in costs required an express court order. Indeed, in its answer to Petitioner's motion for return of funds, the Clerk of Court conceded that while the judgment of sentence issued at criminal docket number CP-67-CR-3161-1989 did not expressly order the payment of costs or restitution, it had received payments totaling $738.50 which were attributed to that docket number. Thus, a grant of partial summary judgment is appropriate to the extent that Petitioner alleged that criminal docket number CP-67-CR-3161-1989 did not include any express language assessing fines, costs or restitution.

However, to the extent that Petitioner's motion for summary judgment seeks a return of the funds deducted from his inmate account and forwarded to the Clerk of Court, said motion is denied. In its brief, the Clerk of Court notes that this Court previously approved of DOC's deductions from Petitioner's inmate account in our 2008 unreported decision. Additionally, the Clerk of Court describes the present

6

situation as simply an administrative error in the nature of a confusion of docket numbers, i.e., the amounts deducted by DOC were not imposed under criminal docket number CP-67-CR-3161-1989 but rather under Petitioner's other criminal docket numbers. Petitioner himself concedes that a dispute of fact remains as to whether the funds were properly assessed and collected under his other criminal docket numbers. Moreover, there appears to be substantial confusion as to the amount of fines, costs, and/or restitution owed by Petitioner.

Accordingly, Petitioner's motion for summary judgment is granted in part and denied in part.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Larry L. Greer,                                                            :
                              Petitioner          :
                                                                          :   No.  553 M.D. 2012
            v.                                                    :
                                                                          :
Commonwealth of Pennsylvania,              :
Clerk of Court of York County,                    :
Pennsylvania,                                               :
                              Respondent        :

## *ORDER*

AND NOW, this 12th day of April, 2017, the order of the Court of Common Pleas of York County, dated January 25, 2012, is hereby vacated as jurisdiction over this matter properly lies with this Court.  The motion of Larry L. Greer (Petitioner) for summary judgment is granted to the extent that Petitioner alleged that criminal docket number CP-67-CR-3161-1989 did not include any express language assessing fines, costs or restitution.  However, Petitioner's motion for summary judgment is denied to the extent that he seeks a return of the funds deducted from his inmate account and forwarded to the Clerk of Court of York County, Pennsylvania (Clerk of Court).

_____
PATRICIA A. McCULLOUGH, Judge